UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY KINARD, # 157033,

        Petitioner,   Case Number: 1:18-CV-12199
                                                         Honorable Thomas L. Ludington

v.

KATHY OLSON,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Anthony Kinard filed a pro se petition for writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254. At the time he filed the Petition, Kinard was incarcerated at the Ojibway Correctional Facility. He has since been discharged from custody.[1] Kinard challenges his parole violation conviction and his underlying conviction for larceny in a building, Mich. Comp. Laws § 750.360. Kinard raises eight claims for relief. For the reasons set forth below, the Petition will be denied, a certificate of appealability will be denied, and Kinard will be granted leave to appeal in forma pauperis on appeal.

I.

In 2015, Kinard pled guilty in Jackson County Circuit Court to larceny in a building, Mich. Comp. Laws § 750.360, and to being a second habitual offender, Mich. Comp. Laws § 769.10. On June 3, 2015, he was sentenced to two years' probation and a suspended sentence of 365 days in

---

[1] Petitioner's discharge from parole supervision does not defeat § 2254's "in custody" requirement because the requirement is satisfied as long as a petitioner is incarcerated, on parole, probation, or bail at the time a petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

jail with 109 days credit. ECF No. 11-3, PageID.123–24. On July 6, 2015, the trial court appointed counsel to represent Kinard on appeal. *See* ECF No. 11-5, PageID.183. Several months later, the trial court vacated the appointment of counsel and dismissed the appeal because Kinard had absconded from parole. *Id.* at 251.

On July 18, 2015, Kinard was arrested in Ohio for driving under the influence. *Id.* at 252. A bench warrant was issued on July 30, 2015 because consumption of alcohol and violation of the law would violate the terms of his probation. *Id.* In February 2016, Kinard turned himself in. *Id.* On February 9, 2016, Kinard was found guilty of violating probation and, at his request, sentenced on the same date. ECF No. 11-4. He was sentenced to one year, nine months to six years. *Id.*

Kinard filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Kinard*, No. 336360 (Mich. Ct. App. March 8, 2017). The Michigan Supreme Court also denied leave to appeal. *People v. Kinard*, 501 Mich. 880 (Mich. Oct. 3, 2017).

Kinard then filed the instant Petition. Respondent accurately summarizes Kinard's grounds for relief as follows:

> I. The trial court's rel[iance] on a police report to find a probation violation violates Due Process.
>
> II. The trial court erroneously concluded [the] hearsay-evidence police report read by the probation agent was sufficient to establish a probation violation.
>
> III. Due process rights [were] violated when Kinard was sentenced without a current updated presentence report.
>
> IV. The trial court violated due process by refusing to hear *pro se* motions while appointed defense counsel had filed an application for leave to appeal.
>
> V. The underlying plea [wa]s not voluntary.

> VI. [There was i]neffectiveness assistance where trial counsel did not review the video in which Kinard confessed until after the plea.
>
> VII. Original appellate counsel was ineffective in stipulating to dismiss the original appeal after Kinard had absconded on probation.

ECF No. 10 at PageID.64–65 (formatting in original).

## II.

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

18 U.S.C. § 2254(d). A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* at 102. A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.

### A.

Kinard raises four claims related to his probation violation proceedings. He raised these claims on state-court direct review. The Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented." *People v. Kinard*, No. 336360 (Mich. Ct. App. March 8, 2017). A summary order like this is presumed to be an adjudication on the merits to which AEDPA

-4-

deference applies. *See Harrington v. Richter*, 562 U.S. 86, 99–100 (2011). Kinard offers no justification to rebut the presumption that these claims were adjudicated on the merits, and the Court finds none. AEDPA's deferential standard of review applies.

**1.**

In his first claim, Kinard argues that the trial court violated his right to due process by relying upon a police report as the sole evidence that he violated probation. The revocation of probation involves a loss of liberty, but "[p]robation revocation, like parole revocation, is not a stage of a criminal prosecution." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). As a result, a probationer facing revocation is entitled only to the minimum requirements of due process as those provided to a parolee facing revocation under *Morrissey v. Brewer*, 408 U.S. 471, 486 (1972). *Id.* These due process requirements include written notice of the claimed violation and a hearing on the matter. *Black v. Romano*, 471 U.S. 606, 612 (1985). Revocation proceedings should be "flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial." *Id*. at 489. The Supreme Court later emphasized that it "did not in *Morrissey* intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence." *Gagnon*, 411 U.S. at 782 n.5; *see also United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991) (holding that the "flexible" evidentiary standard allows consideration of hearsay testimony).

Kinard points to no clearly established Supreme Court precedent which bans admission of a police report during a probation violation proceeding when the report's author does not testify, and the Court is aware of none. Kinard was provided the opportunity to present evidence challenging the report. The report stated that Kinard admitted to consuming alcohol before driving

his vehicle. This, by itself, was sufficient to violate a condition of his probation. *See* ECF No. 11-6 at PageID.476.

Kinard notes that the charges arising from the police report were ultimately dismissed. But he again points to no clearly established federal law holding that his due process rights were violated by the consideration of dismissed charges. *See Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991) (recognizing that parole may be revoked even if all charges arising from the same conduct are dismissed prior to trial, the parolee is later acquitted, or the criminal conviction is overturned).

Kinard has failed to show that the state court's holding was so unreasonable that no "fairminded jurist[ ]" could have reached it. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation omitted).

**2.**

In his second claim, Kinard argues that insufficient evidence supported the finding that he violated probation. At a probation revocation proceeding, there is no constitutional right to proof beyond a reasonable doubt. *See United States v. Knights*, 534 U.S. 112, 120 (2001) ("[P]robationers . . . are aware that they may be subject to supervision and face revocation of probation, and possible incarceration, in proceedings in which the trial rights of a jury and proof beyond a reasonable doubt, among other things, do not apply."). In Michigan, the prosecutor must show a probation violation by a preponderance of the evidence. *People v. Ison*, 346 N.W.2d 894, 897 (Mich. Ct. App. 1984). The Supreme Court defines a preponderance of the evidence as that proof which leads the fact finder to conclude "that the existence of a fact is more probable than its nonexistence." *In re Winship*, 397 U.S. 358, 371 (1970) (Harlan, J., concurring) (citation omitted). On the basis of Kinard's admission that he drank alcohol and the probation officer's testimony,

the trial court could have found by a preponderance of the evidence that Kinard violated his probation. Thus, this claim does not entitle Kinard to habeas relief.

3.

Next, Kinard claims the trial court violated Mich. Ct. Rule 6.445(G) because it sentenced him without an updated presentence investigation report. There is "no federal constitutional right to a presentence investigation and report." *Threat v. Harry*, No. 18-1709, 2018 WL 6721774, at *2 (6th Cir. Oct. 10, 2018). So, even assuming that the trial court violated Rule 6.445(G), this "state-law violation[] provide[s] no basis for federal habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991).

4.

Finally, Kinard's claim that the trial court denied him due process by refusing to hear his pro se motions is also meritless. There is no constitutional right to file a pro se motion while represented by counsel. *Vance v. Buchanan*, No. 19-4252, 2020 WL 3422374, at *2 (6th Cir. June 2, 2020), *cert. denied*, 141 S. Ct. 676 (2020), *reh'g denied*, 141 S. Ct. 1141 (2021).

B.

Kinard's remaining three claims concern the underlying larceny conviction. Respondent maintains that these claims are untimely because they were not filed within the applicable one-year limitations period. *See* 28 U.S.C. § 2254(d)(1). A prisoner must file a federal habeas corpus petition "from the latest" of four dates: (A) the date on which the state-court judgment became final; (B) the removal date of an unconstitutional state impediment to filing for federal habeas relief; (C) the date the Supreme Court recognized a new constitutional right made retroactive and

applicable to collateral review; or (D) the date the prisoner discovered new facts that could not have been discovered previously. 28 U.S.C. § 2244(d)(1).

Kinard is not relying on a newly recognized constitutional right or on newly discovered facts, nor is he alleging that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Although Kinard initially pursued a direct appeal, his application for leave to appeal in the Michigan Court of Appeals was dismissed on October 2, 2015, because he had absconded from probation. Kinard's conviction became final fifty-six days later, on November 30, 2015, when the time for filing a delayed application for leave to appeal with the Michigan Supreme Court expired. *See* Mich. Ct. R. 7.302(C)(3). *See United States v. Tosh*, 330 F.3d 836, 837 n.1 (6th Cir. 2003) (holding that where a defendant's appeal was dismissed because he absconded, his conviction became final when the time for appealing the dismissal expired). The limitations period commenced the following day, December 1, 2015, and expired one year later, on December 1, 2016.

Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). In the habeas context, to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544

U.S. 408, 418 (2005)). Kinard has not attempted to show, nor is it evident from the record, that he is entitled to equitable tolling which would have stopped the clock. Kinard has the burden of establishing his entitlement to equitable tolling. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). Kinard does not meet this burden and, therefore, is not entitled to equitable tolling.

### IV.

Before Kinard may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When relief is denied on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists would not debate the conclusion that the Petition fails to state a claim upon which habeas corpus relief should be granted. Nor would reasonable jurists debate the correctness of the Court's procedural ruling. The Court declines to issue a certificate of appealability.

### V.

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that Petitioner may proceed *in forma pauperis* on appeal because an appeal may be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: April 19, 2021                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge